# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT PRUITT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14-cv-1950 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| JUAN AVELAR, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On August 12, 2015, the court *sua sponte* granted plaintiff Robert Pruitt ("Plaintiff") an extension of time in which to respond to defendant Juan Avelar's ("Officer Avelar") motion for summary judgment. The Court warned Plaintiff that if he failed to respond to the motion on or before September 2, 2015, the Court would consider the motion unopposed. Despite the Court's admonitions, Plaintiff has not responded to the motion. Accordingly, the Court grants Officer Avelar's uncontested motion for summary judgment [49]. The clerk is directed to enter final judgment. Civil case terminated.

## STATEMENT[1]

On the evening of July 29, 2013, Plaintiff and his friend Denzal Stewart ("Stewart") decided to burglarize a random house. (Def's Rule 56.1 Stmt. of Facts ("SOF") [Dkt. #50], ¶¶ 3-5.) They climbed through a side window, stayed inside for approximately ten minutes, and stole a jewelry box before climbing back out. (*Id.* at ¶¶ 6-7.) Much to their surprise, they saw Officer Avelar and his partner drive by in a police car drive by as they were exiting the window. (*Id.* at ¶ 8.) Plaintiff and Stewart then decided to run in different directions. (*Id.*)

---

[1] The following facts are taken from Defendant's Local Rule 56.1 Statement. Because Plaintiff failed to respond, the facts contained therein are deemed admitted. *See* N.D. Ill. Local Rule 56.1(b).

Upon witnessing the situation, Officer Avelar ran after Stewart and detained him. (*Id.* at ¶ 15.) Plaintiff was eventually caught, too, but by another officer half a block away. (*Id.* at ¶ 16.) While being detained, Plaintiff claims he was savagely beaten by several officers, and he subsequently filed this Section 1983 claim for excessive force, naming only Officer Avelar as a defendant. (Compl. [Dkt. #1] at 1-4.) Officer Avelar, however, was never present at the scene where Plaintiff was allegedly beaten. (SOF, ¶ 16.)

## STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a). To oppose a motion for summary judgment successfully, the responding party may not simply rest on its pleadings, but rather must submit evidentiary materials showing that a material fact is genuinely disputed. *See* Fed. R. Civ. P. 56(c)(1). A genuine dispute of material fact exists when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the responsibility of identifying applicable evidence. *Bombard v. Ft. Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). In determining whether a genuine issue of material fact exists, the court construes all facts and draws all reasonable and justifiable inferences in favor of the nonmoving party. *Anderson*, 477 U.S. at 255.

## ANALYSIS

"Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Jenkins v. Keating*, 147 F.3d 577, 583 (7th Cir. 1998) (citations omitted). Thus, to survive summary judgment, a plaintiff must show — beyond mere

speculation — that a particular defendant is responsible for violating his constitutional rights. *See Slowiak v. Land O'Lakes, Inc.,* 987 F.2d 1293, 1295 (7th Cir.1993). Plaintiff has failed to do so here.

Simply put, Plaintiff has not provided any evidence to support his claims, and he has failed to respond to any of Officer Avelar's arguments. Plaintiff admits that he never saw Officer Avelar strike or hit him. (SOF, ¶ 12-13.) And it is undisputed that Officer Avelar detained and arrested Stewart a half block away from where Plaintiff was taken into custody. (*Id.* at ¶ 16.) Combined with Officer Avelar's testimony that he neither touched nor was around Plaintiff when he was allegedly beaten, (*id.*), and Plaintiff's complete failure to provide any evidence to the contrary,[2] it follows that Officer Avelar is entitled to summary judgment. *See Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008) (explaining that summary judgment is appropriate in an excessive force case where there is "an absence of evidence to support the nonmoving party's case); *Rainey v. City of Chi.*, No. 10 C 07506, 2013 U.S. Dist. LEXIS 32859, *24 (N.D. Ill. Mar. 11, 2013) (granting summary judgment to defendant officers on an excessive force claim where the plaintiff did not know who allegedly beat him and where the only evidence of the officers' involvement was that their names were on the arrest report); *Goodman v. Clark*, No. 2:09 CV 355, 2014 U.S. Dist. LEXIS 154518, *14 (N.D. Ind. Oct. 29, 2014) (similarly granting summary judgment where the plaintiff failed to respond to the defendant officers' statements that they never had any physical contact with, nor were in proximity to, the plaintiff when he was allegedly beaten).

---

[2] Indeed, Plaintiff admitted at his deposition that he named Officer Avelar as a defendant solely because his name appears in the arrest report. (SOF, ¶17-18.) That report, however, does not lend any credence to Plaintiff's claims. (*See* Def.'s Mem. in Supp. of Mot. [Dkt. # 51], Ex C at 2.)

## **CONCLUSION**

For the reasons stated above, the Court grants Defendant's Motion for Summary Judgment [49]. Civil case terminated.

**SO ORDERED.**  **ENTERED:** September 9, 2015

_____
**HON. RONALD A. GUZMÁN**
**United States District Judge**